**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL McCANN,** | : | **Civil Action No.** |
| 700 Swinehart Road | : | |
| Boyertown, PA 19512 | : | |
|       Plaintiff, | : | |
| | : | |
|     v. | : | **Complaint and Jury Demand** |
| | : | |
| **ALLIANCE CHRISTIAN SCHOOL,** | : | |
| 873 S Hanover Street | : | |
| Pottstown, PA 19465 | : | |
|       Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Michael McCann (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Alliance Christian School (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Alliance Christian School is a private, Christian

school with a and corporate headquarters located at 873 S Hanover Street, Pottstown, PA 19465.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, the ADA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex, disability and associational disability discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-07521 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 2, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male.

21. Plaintiff has the serious medical conditions of edentulism and osteonecrosis of the jaw ("ONJ").

22. The aforementioned medical conditions are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

23. The major life activities affected by edentulism and ONJ include, but are not limited to, eating.

24. During Plaintiff's interview, Beth Wisler (female), Interim-Head of School, asked him how he would feel working with all women because he would be the only male there.

25. Plaintiff informed Wisler that he was focused on the students and was not looking to build relationships with staff.

26. Wisler informed Plaintiff that was what Defendant was looking for.

27. Plaintiff also spoke to Wisler about summer school availability.

28. Wisler informed Plaintiff that Defendant did not have availability for a summer school Teacher, but informed Plaintiff that he could work as a maintenance worker.

29. Plaintiff agreed to take this position during the summer.

30. In or around February 2025, Defendant hired Plaintiff in the position of Teacher.

31. Plaintiff was well qualified for his position and performed well.

32. In March 2025, Plaintiff applied for the open Principal position.

33. Wisler informed Plaintiff that he was performing so well as a Teacher, that the Board wanted to keep him in the position because he was a "stabilizing force", or words to that effect.

34. Shortly afterwards, in or around May 2025, Defendant filled the Principal position with Gail Hallman (female).

35. In April 2025, Plaintiff was required to leave an hour early twice per week in order to take his daughter to doctor's appointments for treatment due to a broken shoulder she suffered in February 2025.

36. Plaintiff informed Wisler of this, who approved Plaintiff's request.

37. Plaintiff's daughter's broken shoulder was a serious medical condition that was considered to be a disability under the ADA and the PHRA.

38. The major life activities affected by her broken shoulder included, but not limited to, lifting, carrying and performing manual tasks.

39. In or around early May 2025, Wisler told Plaintiff that she was concerned about him working as a maintenance worker during the summer because he was not a commercial maintenance worker.

40. Plaintiff informed Wisler that she was aware of this at the time that she offered him the position.

41. Wisler also told Plaintiff that she was concerned about him returning to work as a Teacher for the next school year because she had received complaints about him not eating lunch with female coworkers.

42. Plaintiff responded that he was there to work and not there to build relationships with staff.

43. In addition, Plaintiff explained to Wisler that he could not eat in a group setting due to his disabilities which require him to remain focused while he eats in order to prevent him from choking.
44. The following week, Wisler approached Plaintiff while he was in the faculty lounge and told him that she did not know what to do with him for the next school year because he was not a team player.
45. When Plaintiff asked how he was not being a team player, Wisler told Plaintiff that it was because he was not eating lunch with his female coworkers.
46. Wisler told him that she expected Plaintiff to joke and share his life with his female coworkers.
47. Plaintiff informed Wisler that he would not do this because it made him uncomfortable.
48. Plaintiff then sent Wisler an email complaining about this and stated that if he was a female in an all-male working environment, this request would be considered to be sexual harassment.
49. Shortly afterwards on May 16, 2025, three (3) students asked Plaintiff why he was not coming back as a Teacher for the next school year.
50. Plaintiff had not been informed that he would not be returning for the next school year.
51. Plaintiff emailed Wisler about this, but did not receive a response.
52. On May 19, 2025, Plaintiff met with Wisler.
53. Wisler informed Plaintiff that she did not know if Defendant was going to offer him a contract for the next school year allegedly because he was a bad fit, a loner and not a team player.

54. When Plaintiff asked for clarification on Wisler's allegations, she stated that it was because he was not eating lunch with his female coworkers and that he was leaving an hour early twice per week.

55. Plaintiff complained to Wisler that she had approved his request to take his daughter to doctor's appointments.

56. On May 20, 2025, Plaintiff submitted a letter to end his employment immediately to Wisler and the Board due to the discrimination he was subjected to.

57. Upon information and belief, "Mrs. A" (female), Librarian, did not each lunch or socialize with other female coworkers and Defendant did not attempt to force her to and/or discipline her when she did not.

58. Defendant discriminated against Plaintiff due to his sex and disability and in association to his daughter's disability in violation of Title VII, the ADA and the PHRA.

### COUNT I – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a member of protected classes in that he is male.

61. Plaintiff was qualified to perform the job.

62. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

63. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

64. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

65. The reasons cited by Defendant for the adverse employment actions that Plaintiff

suffered are pretext for discrimination.

66. Plaintiff was constructively discharged.

67. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. Plaintiff is a member of protected classes in that he is male.

70. Plaintiff was qualified to perform the job.

71. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

72. Plaintiff was replaced by a female.

73. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

74. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

75. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

76. Plaintiff was constructively discharged.

77. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

80. Plaintiff was qualified to perform the job.

81. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

82. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

83. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

84. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

85. The purported reason for Defendant's decision is pretextual.

86. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

88. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

89. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

90. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

91. Plaintiff was qualified to perform the job.

92. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

93. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

94. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

95. Plaintiff's disabilities motivated Defendant's decision to constructively discharge Plaintiff.

96. The purported reason for Defendant's decision is pretextual.

97. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

98. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – ASSOCIATIONAL DISABILITY DISCRIMINATION AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff's daughter is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff's daughter has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff's daughter had a record of such an impairment or because Plaintiff's daughter was regarded as and/or perceived by Defendant and its agents as being disabled.

101. Plaintiff was qualified to perform the job.

102. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

103. Circumstances indicated that Plaintiff's daughter's disability was the reason for the adverse employment action.

104. Defendant did not have a legitimate non-discriminatory reason for constructively discharging Plaintiff.

105. Plaintiff's daughter's disability motivated Defendant's decision to constructively discharge Plaintiff.

106. The purported reason for Defendant's decision is pretextual.

107. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

11

108. As a result of Defendant's unlawful associational disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – ASSOCIATIONAL DISABILITY DISCRIMINATION
PENNSYLVANIA HUMAN RELATIONS ACT**

109. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

110. Plaintiff's daughter is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff's daughter has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff's daughter had a record of such an impairment or because Plaintiff's daughter was regarded as and/or perceived by Defendant and its agents as being disabled.

111. Plaintiff was qualified to perform the job.

112. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

113. Circumstances indicated that Plaintiff's daughter's disability was the reason for the adverse employment action.

114. Defendant did not have a legitimate non-discriminatory reason for constructively discharging Plaintiff.

115. Plaintiff's daughter's disability motivated Defendant's decision to constructively discharge Plaintiff.

116. The purported reason for Defendant's decision is pretextual.

117. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

118. As a result of Defendant's unlawful associational disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael McCann, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 1, 2025          By:    */s/David M. Koller*
                                       David M. Koller, Esquire
                                       Jordan D. Santo, Esquire
                                       2043 Locust Street, Suite 1B
                                       Philadelphia, PA 19103
                                       215-545-8917
                                       davidk@kollerlawfirm.com
                                       jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*